## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MARVIN VANCE,

                                    :

      Plaintiff,                              Case No. 3:11-CV-281

                                          District Judge Thomas M. Rose

   -vs-                            :          Magistrate Judge Michael J. Newman


DEPARTMENT OF VETERANS
AFFAIRS,

                                    :

      Defendant.

---

## REPORT AND RECOMMENDATION
## AND
## NOTICE REGARDING OBJECTIONS

---

This matter is back on the Court's docket following the issuance of two Orders to *pro se* Plaintiff.  (Docs. 10, 12).  To comply with the 120-day requirement in Civil Rule 4(m), Plaintiff was required to serve Defendant by December 8, 2012.  (*See* doc. 7).  In the Court's December 8, 2011 Order, Plaintiff was granted an extension of time to properly serve Defendant, by December 22, 2011.  (Doc. 10).  Plaintiff did not meet that deadline.  On January 3, 2012, the Court issued a second Order, granting Plaintiff an additional ten days to serve Defendants, by January 13, 2012. (Doc. 12).    Following a *sua sponte* review of this matter, it appears that Plaintiff has failed to make proper service by January 13, 2012.  On January 6, 2012, Plaintiff presented summonses and USM-285 forms to the Clerk to serve the Department of  Veterans Affairs, the United States Attorney General, and the United States Attorney for the Southern District of Ohio.  *See* doc. 12. However, to date, Plaintiff has failed to present executed summonses.

Plaintiff was previously advised that if he does not file proof of service on or before January 13, 2012, his complaint will be dismissed without prejudice under Civil Rule 4(m) for failing to timely serve Defendant.  (Doc. 11).  Accordingly, having failed to comply with this Court's Order as of the date of this Report and Recommendation, January 24, 2012, Plaintiff's complaint should be dismissed.

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE,** and this case be **TERMINATED** upon the Court's docket.

January 24, 2012                                          s/ **Michael J. Newman**
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See United States v. Walters, 638 F. 2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).