# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARVIN VANCE,

:

    Plaintiff,

Case No. 3:11-cv-281

  -vs-

:

Magistrate Judge Michael J. Newman
(Consent Case)

DEPARTMENT OF VETERANS
AFFAIRS,

:

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION
## FOR PARTIAL DISMISSAL (DOC. 20)

---

This consent case is before the Court on Defendant's motion for partial dismissal (doc. 20) and a related Show Cause Order (doc. 21).[1] In the motion, Defendant seeks to dismiss eleven of Plaintiff's twelve *pro se* claims.

## I. Introduction

This is an employment discrimination case, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* Plaintiff, who is African American, asserts that his former employer, the United States Defendant Department of Veterans Affairs ("Defendant" or "VA"), discriminated against him based on his race by not selecting him for an open position at the VA. *See* doc. 2. Plaintiff, a federal employee at the time here in question, properly exhausted his

---

[1]The motion is premised upon both Rule 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted. Defendant has provided the Court with documents to review in support of its motion (including, for example, documents relating to his exhaustion of administrative remedies). These documents may be considered under Rule12(b)(1) and as part of the Court's subject matter jurisdiction analysis. *Knoll v. United States,* 58 F.3d 1087, 1093 (6th Cir. 1995) (*per curiam*).

administrative remedies through the Equal Employment Opportunity Commission ("EEOC") with respect to his Title VII discrimination claim, *see* doc. 2-2, and Defendant does not move to dismiss that claim.[2]

Defendant did move, however, to dismiss *pro se* Plaintiff's remaining eleven claims in a motion to dismiss filed on March 27, 2012. *See* doc. 20. Plaintiff was to file a memorandum in opposition to the motion no later than April 20, 2012. None was filed. Accordingly, the Court ordered *pro se* Plaintiff to show cause, on or before May 9, 2012, why the motion "should not be granted and the eleven claims dismissed, as requested in Defendant's motion." Doc. 21. To ensure that Plaintiff received notice of the Show Cause Order, the Court directed that the Order be mailed to Plaintiff via both regular and certified mail. *Id.* The certified mail was accepted. *See* doc. 25. On May 11, 2012 -- two days after the Show Cause deadline -- Plaintiff filed a document entitled "Motion to Keep 11 of 12 Complaints in as Evidence" (doc. 26). Having liberally construed this document in *pro se* Plaintiff's favor, the Court assumes this is Plaintiff's memorandum in opposition to the dismissal motion and/or his response to the Show Cause Order. Accordingly, although Plaintiff missed the May 9th deadline, and never timely opposed the motion to dismiss, the Court

---

[2]The Sixth Circuit summarized the required exhaustion steps for federal employees under Title VII as follows: "consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a). The employee may file a discretionary appeal of an agency's final action to the Equal Employment Opportunity Commission ("EEOC") within thirty days of final agency action. 29 C.F.R. § 1614.402(a). Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in a U.S. District Court. 29 C.F.R. § 1614.407(a)-(d)." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008).

has elected to consider this document and will analyze Defendant's dismissal arguments on the merits.[3]

## II. Dismissal on the Merits

Plaintiff's complaint references his Title VII discrimination claim (and a Title VII retaliation claim that was never presented to the EEOC for review).

Attached to *pro se* Plaintiff's Complaint is a document asking the Court "to allow these additional charges to be added to the U.S. Equal Employment Commission Case Hearing Number 470-2208-00153X . . . [t]hat was decided 10 June 2011." Doc. 2-1. Plaintiff then lists the following eleven claims without any further explanation or supporting facts: (1) defamation; (2) torture; (3) conspiracy to torture with agency's approval; (4) disobeying doctors' consult; (5) changing doctors' orders; (6) conspiring to misappropriate funds; (7) forcing him to resign or be fired; (8) blocking his retirement; (9) causing him to suffer from post-traumatic stress disorder; (10) harassment; and (11) and retaliation. *Id.* For purposes of ruling on Defendant's motion, the Court assumes that all twelve claims (the Title VII cause of action and the eleven additional claims) are all before the Court for review. *See* Fed. R. Civ. P. 15(a).

The Title VII claim is not challenged by Defendant at this time. With respect to the eleven additional claims, which are the subject of Defendant's motion, the Court will address the first nine claims and then the remaining two claims.

---

[3] The Court also notes that, because the May 9th deadline was missed in this case, good cause exists to view Document 26 as untimely, in which case Defendant's motion to dismiss would be unopposed. The eleven claims at issue would then be subject to dismissal on lack-of-prosecution grounds. *Accord Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

### A. The First Nine Additional Claims

Defendant moves to dismiss the first nine additional claims asserted by *pro se* Plaintiff -- which, when liberally construed, appear to be tort claims -- pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* doc. 20.

As a preliminary matter, these nine claims should be dismissed for Plaintff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff, by merely listing these nine claims without providing any factual bases whatsoever, failed to plead his claims with sufficient particularity. *See* doc. 2-1. Accordingly, the first nine additional claims fail to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and merit dismissal pursuant to *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). *Cf. Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

However, even assuming, *arguendo*, that Plaintiff had provided sufficient information to survive a Fed. R. Civ. P. 12(b)(6) motion, these claims would still merit dismissal on lack-of-subject-matter jurisdiction grounds and under Fed. R. Civ. P. 12(b)(1).

To bring an action against the United States, Plaintiff must first establish that the United States has waived its sovereign immunity. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). Under the Federal Tort Claims Act ("FTCA"), the United States has consented to be sued in tort. *Id.* However, the FTCA excludes certain tort claims from its sovereign immunity waiver, including libel and slander. 28 U.S.C. § 2680(h). Accordingly, Plaintiff's defamation claim must be

dismissed for lack of subject matter jurisdiction. *See Singleton v. United States,* 277 F.3d 864, 872 (6th Cir. 2002).[4]

Moreover, to the extent Plaintiff asserts tort claims under the FTCA, they should be dismissed for Plaintiff's failure to exhaust his administrative remedies,[5] a prerequisite to filing suit against the government under the FTCA.[6] 28 U.S.C. § 2675(a); *Lundstrum*, 954 F.2d at 1145. Defendant has no record of Plaintiff filing any such administrative claims. *See* doc. 20-3. Plaintiff, having never responded to Defendant's motion to dismiss, has not shown otherwise. Accordingly, the nine additional claims asserted by *pro se* Plaintiff must be dismissed for lack of subject matter jurisdiction. *See Singleton*, 277 F.3d at 872-73; *Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514-15 (6th Cir. 1974).[7]

## B. The Last Two Additional Claims

Similarly, Defendant contends that the last two additional claims (harassment and retaliation) must be dismissed because *pro se* Plaintiff has not exhausted his Title VII administrative

---

[4]The Court also notes that some of these claims may fall into the "discretionary function" exception of the FTCA. *See* 28 U.S.C. § 2680(a). If that is the case, the claims also merit dismissal for lack of subject matter jurisdiction. *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984).

[5]To satisfy the exhaustion requirement of the FTCA, the claim must be presented to the federal agency whose activities gave rise to the claim. *See* 38 C.F.R. §14.604. The claimant shall submit "an executed Standard Form 95 or other written notification of an incident, together with a claim for money damages, in sum certain, for damage to or loss of property or personal injury or death." *Id.*

[6]28 U.S.C. § 2675(a) provides an exception for "claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." This exception does not apply in this case.

[7]Additionally, these tort claims should be dismissed because, to the extent Plaintiff's claims are made pursuant to the FTCA, the United States is the proper defendant, not the Department of Veterans Affairs. *See Salt Lick Bancorp v. FDIC,* 187 F. App'x 428, 435 (6th Cir. 2006); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Therefore, the nine additional claims merit dismissal on this basis. *Folley v. Henderson*, 175 F. Supp. 2d 1007, 1014-15 (S.D. Ohio 2001).

remedies as to these claims. *See* doc. 20 at PageID 86-88. Title VII provides the exclusive judicial remedy for a federal employee's discrimination and retaliation claims based on race. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *Taylor v. United States*, 21 F. App'x 264, 265 (6th Cir. 2011). Under Title VII, a plaintiff must exhaust his or her administrative remedies prior to filing suit in federal court. *Brown*, 425 U.S. at 832; *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992). Plaintiff raised only one claim -- racial discrimination -- before the EEOC.[8] *See* doc. 2-2. Nothing before the Court suggests that *pro se* Plaintiff exhausted his administrative remedies with repect to his Title VII retaliation and harassment claims. Therefore, those claims should be dismissed. *See Steiner*, 354 F.3d at 434-35.

### III. Conclusion

Defendant's motion for partial dismissal, therefore, is **GRANTED,** and all eleven of Plaintiff's claims -- other than his Title VII employment discrimination claim -- are **DISMISSED WITH PREJUDICE**.

Plaintiff's Title VII claim is not dismissed, and remains pending for review.

**IT IS SO ORDERED.**

May 18, 2012　　　　　　　　　　　　　　　　　　　　　　　s/ **Michael J. Newman**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[8]Indeed, the EEOC, noting that Plaintiff raised a retaliation claim for the first time on appeal (*i.e.,* after the EEOC had completed its investigation), advised Plaintiff to initiate the administrative process with respect to that claim within fifteen days. *See* doc. 2-2 at PageID 24 n.1. Nothing before the Court suggests that Plaintiff did so.