IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARVIN VANCE, | : | Case No. 3:11-cv-281 |
| Plaintiff, | : | Magistrate Judge Michael J. Newman (Consent Case) |
| vs. | : | |
| SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | : | |

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 34);
(2) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE;
AND (3) CLOSING THIS CASE**

This is a *pro se* consent case presently before the Court upon Defendant's unopposed motion to dismiss pursuant to Civil Rule 37 for Plaintiff's failure to make any discovery disclosures and cooperate in discovery. Doc. 34. This matter is also before the Court, *sua sponte*, upon *pro se* Plaintiff's non-compliance with the Court's January 14, 2013 Order requiring Plaintiff to show cause, on or before January 24, 2013, why Defendant's motion to dismiss should not be granted and his complaint dismissed. *See* doc. 35.

**I.**

In the motion to dismiss, Defendant argues -- and avers in a supporting affidavit by counsel -- that Plaintiff, as of December 17, 2012, has neither produced his Rule 26(a) initial disclosures, nor disclosed his lay witnesses to Defendant.[1]  *See* doc. 34; doc. 34-1, ¶¶ 2-3. Additionally, counsel for Defendant avers that, on November 13, 2012, he conferred with *pro se*

---

[1] Pursuant to the Scheduling Order, Plaintiff's Rule 26(a) initial disclosures were due June 29, 2012, and Plaintiff's disclosure of lay witnesses were due on July 27, 2012.  Doc. 32.

Plaintiff by telephone regarding taking his deposition on December 13, 2012.  Doc. 34-1, ¶ 4.  On November 19, 2012, counsel mailed Plaintiff a proper Notice to Take Deposition on December 13, 2010 at 10:00 a.m. at defense counsel's office.  *Id.* ¶ 5; doc. 34-1 at PageID 150-52.  On the scheduled deposition date, defense counsel was prepared, with a court reporter, to take Plaintiff's deposition.  *Id.* ¶ 6.  When Plaintiff did not appear for the deposition, defense counsel made several unsuccessful attempts to contact Plaintiff.  *Id.*  Defense counsel and the court reporter nevertheless waited one hour, and Plaintiff never appeared.  *Id.* ¶ 7.  Nor did Plaintiff contact defense counsel that day to explain his failure to appear for the deposition.  *Id.*  Moreover, Defendant argues that the deadline for conducting discovery is December 21, 2012 (a date which has since passed), *see* doc. 32, and Plaintiff has completely failed to cooperate in the discovery process.  Doc. 34.

On January 14, 2013, after the deadline for responding to Defendant's dismissal motion expired, the Court issued the aforementioned Show Cause Order to Plaintiff.  The Show Cause Order was sent to Plaintiff by regular mail and certified mail at his address listed on the docket sheet.[2]  *See* docs. 35, 36.  To date, Plaintiff has not filed anything in response to Defendant's motion to dismiss or the Court's Show Cause Order.

**II.**

The Court may dismiss an action pursuant to Rule 37(b)(2) when "a party … fails to … provide or permit discovery," and under Rule 37(d) for a party's failure to appear for his or her deposition after being served with proper notice.  Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(i).  *See Mooney v. Cent. Motor Lines, Inc.*, 222 F.2d 569, 571-72 (6th Cir. 1955).  Likewise, Rule 41(b) authorizes the Court to dismiss a case if the plaintiff "fails to prosecute or to comply with

---

[2] According to the website of the United States Postal Service, the mailing arrived to the address listed on the docket sheet on January 15, 2013.

-2-

[the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and citations omitted). The Court, therefore, is given "substantial discretion in serving these tasks." *Id*.

The Court should consider four factors in determining whether to invoke discovery sanctions, such as dismissal, under Rule 37 or Rule 41:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon*, 110 F.3d at 366-367 (internal citations and quotation marks omitted).

All four of these factors support the dismissal of Plaintiff's complaint with prejudice. With regard to the first factor, the Court finds Plaintiff has displayed "a reckless disregard for the effect of his conduct on [these judicial] proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted). Since the beginning of this case, Plaintiff has completely failed to cooperate in the discovery process. *See* doc. 34. He has not provided Defendant with even preliminary discovery -- his Rule 26(a)(1) initial disclosures (due on June 29, 2012). *See id.* Moreover, he has failed to provide any justification for his failure to appear at his properly notice deposition. Nor has he filed any response to Defendant's dismissal motion or the Court's Show Cause Order -- alerting him of these issues. *Accord Harmon*, 110 F.3d at 368-69 (affirming dismissal where plaintiff failed to respond to discovery requests; failed to comply with a court order; and failed to oppose a motion to dismiss even after the district

court granted an extension of time to do so); *Murray v. Target Dep't Stores*, 56 F. App'x 246, 246-47 (6th Cir. 2003) (affirming dismissal due to plaintiff's failure to attend her own deposition and failure to respond to defendant's motions to dismiss).

The second factor -- prejudice -- similarly supports dismissal of Plaintiff's case.  Defense counsel has "wasted time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (brackets and quotation marks omitted).  For instance, despite having taken the time to confer with Plaintiff before scheduling the deposition, counsel for Defendant nonetheless waited for one hour for Plaintiff to appear for his deposition, to no avail.  Doc. 34-1 ¶¶ 6-7.  *Accord Powell v. Cont'l Cas. Co.*, No. 1:09-cv-710, 2010 U.S. Dist. LEXIS 139626, at *5, 2010 WL 5576057, at *2 (S.D. Ohio Nov. 16, 2010) (finding defendant was prejudiced by noticing and attending a deposition for which plaintiff failed to appear).

The third factor further weighs in favor of dismissal.  Plaintiff received prior notice that his case was subject to dismissal.  *See Schafer*, 529 F.3d at 737-38.  In the January 14, 2013 Show Cause Order, the Court advised Plaintiff as follows:

> On December 17, 2012, Defendant filed a motion to dismiss *pro se* Plaintiff's complaint for lack of prosecution based on: (1) his failure to provide discovery to Defendant's counsel --including his Rule 26(a)(1) Initial Disclosures (due on June 29, 2012), and his Disclosure of Lay Witnesses (due on July 27, 2012); and (2) his failure to appear for his deposition on December 13, 2012. Doc. 34. Plaintiff's deadline to file a memorandum in opposition to the motion was January 10, 2013. None was filed, and the dismissal motion thus remains unopposed.  Accordingly, Plaintiff is **ORDERED** to show cause, not later than **January 24, 2013**, why the motion should not be granted and his complaint dismissed, and **ADVISE** the Court of an appropriate lesser sanction to impose -- one less drastic than dismissal of his case. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-38 (6th Cir. 2008).
> To be clear, Plaintiff is **ADVISED** that sanctions may be imposed, including the dismissal of his case, if he does not comply with this Order.

Doc. 35 at PageID 153.  *Accord Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008)

(finding a show cause order sufficiently notified plaintiff that his case was subject to dismissal).

Finally, taking the fourth factor into account, the Court finds there are no lesser sanctions to impose on Plaintiff -- for his failure to cooperate in the discovery process -- other than dismissal. In the Show Cause Order, the Court gave Plaintiff an opportunity to suggest alternate sanctions, and he failed to respond. *See* doc. 35. Further, given Plaintiff's deliberate disregard for the deadlines in the Court's Scheduling Order; his neglect of his duties to provide Rule 26(a) initial disclosure and disclose his lay witnesses; his failure to attend his deposition and explain his absence; and his refusal to respond to Defendant's motion to dismiss and the Court's Show Cause Order, it is difficult to conceive how any sanction other than dismissal would impact Plaintiff's conduct. *Accord Rogers*, 302 F. App'x at 378-79 (recognizing that, in light of plaintiff's repeated failures to comply with court orders, dismissal is an appropriate sanction).

### III.

To that end, finding that all factors weight in favor of dismissal, the Court hereby **ORDERS** as follows:

1. Defendant's motion to dismiss (doc. 34) is **GRANTED**;

2. Plaintiff's complaint is **DISMISSED WITH PREJUICE** for his failure to comply with the Court's discovery Orders under Fed. R. Civ. P. 37(b)(2); for his failure to appear at his deposition under Fed. R. Civ. P. 37(d); and for his failure to prosecute his case under Fed. R. Civ. P. 41(b); and

3. This case is **CLOSED** on the docket of this Court.

**IT IS SO ORDERED.**

January 29, 2013                               s/Michael J. Newman
                                               United States Magistrate Judge